**In re Terrance MOORE, Debtor.**

**In re Edward REED, III, Debtor.**

**Bankruptcy Nos. 82 B 11679, 82 B 13092.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 6, 1982.

O'Connell, Holstein & Assoc., Chicago, Ill., for Moore.

Craig Phelps, Chicago, Ill., Chapter 13 trustee.

Bennie W. Fernandez, Oak Park, Ill., for Reed.

ORDER

ROBERT L. EISEN, Bankruptcy Judge.

These matters came to be heard on December 2, 1982 on the debtors' applications for confirmation of their proposed Chapter 13 plans. The court having carefully considered debtors' petitions, plans and schedules, etc. does hereby deny confirmation of both plans.

Debtor Moore lists in his schedule $2,757.00 in unsecured debts and a $27,300 debt in a 1982 Lincoln Mark VI automobile of which he claims only $23,000 is secured. Moore's plan proposes to pay 10% to unsecured creditors over a period of 48 months. Moore is employed and has no dependents.

Debtor Reed lists as his debts only two. The first debt is in the amount of $3,788.79 for a 1979 Ford Cougar of which Reed claims only $3,300 is secured. The second debt is a $1,520.00 debt on a Kawasaki motorcycle of which Reed claims only $1,000.00 is secured. Reed proposes to pay 100% up to the amount claimed secured and 10% on the unsecured balance due on the two vehicles. Reed is employed and has no dependents.

Section 1325(a)(3) provides that a court shall confirm a plan if the plan has been proposed in good faith. In the case of *In re Rimgale*, 669 F.2d 426, 5 C.B.C.2d 1281 (C.A.7 1982), the Court of Appeals for this circuit firmly established what kind of a good faith inquiry bankruptcy courts should make under Section 1325. They held that such a good faith inquiry must include a determination of whether or not under the circumstances of the case there has been an abuse of the provisions, purpose or spirit of Chapter 13 of the Bankruptcy Code in the

proposal. In each case the bankruptcy court must consider the debtor's entire circumstances and determine whether the proposed payments indicate a fundamental fairness in dealing with one's creditors.

In examining the debtors' proposals, there appears to be a substantial abuse of the provisions, purpose and spirit of the code in both cases and while no formal objections have been made by the creditors in these two cases, the situations are so abnormal that the court must deny confirmation. The attorney for Moore argues that the debtor is compelled to seek Chapter 13 relief due to the fact that debtor has fallen behind in payments on the car and the creditor will not agree to any delay or modification of plan payments. This argument would have merit only if the debtor were alternatively offering to return the vehicle in order to pay his creditors under the plan. It is the court's view that regardless of whether or not the automobile dealer or the lender has dealt unfairly with the debtor, the solution for Moore is not to keep the car and make his other creditors share the enormous burden by paying them 10%. The solution instead is to give back the automobile and then make a fairer payout to Moore's other creditors. The court simply does not see as good faith a plan which calls for a Chapter 13 debtor to keep a recently purchased $27,000 automobile while subjecting other creditors to payouts (whether 10% or 100%) under an attenuated repayment schedule.

In the case of Reed, he has only two debts, one on an automobile and the other on a motorcycle. While Reed may be having trouble paying on both vehicles, the situation is not properly one for this court. Reed appears simply to be trying to strike a better bargain on these two loans by filing a Chapter 13. The Bankruptcy Code was not designed and written to afford debtors the opportunity to rearrange their automobile payments and as a result the court does not see such a plan as being proposed in good faith.

WHEREFORE, IT IS HEREBY ORDERED that debtor Moore's and debtor Reed's applications for confirmation are denied.